[L. A. No. 19904. In Bank. Feb. 5, 1948.]

GAY LILLEFLOREN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[L. A. No. 19909. In Bank. Feb. 5, 1948.]

RUSSEL MARKS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[L. A. No. 19921. In Bank. Feb. 5, 1948.]

L. L. SYLVAINE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[L. A. No. 19922. In Bank. Feb. 5, 1948.]

HOMER FORD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[L. A. No. 19923. In Bank. Feb. 5, 1948.]

IRV MAGISEN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

David Sokol, V. P. Lucas and A. Brigham Rose for Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Rupert B. Turnbull and Russell E. Parsons for Farmer Bros. Co. (a Corporation), Real Party in Interest.

CARTER, J.—In each case petitioners were found guilty of contempt for violating a temporary restraining order of the superior court issued in an action for injunctive relief by employer-plaintiff against defendants unions and members thereof in connection with the latters' labor activities. Petitioners seek a review of the judgments and orders of commitment.

The temporary restraining order follows closely the language of the Hot Cargo Act (Lab. Code, §§ 1131-1136) which was considered and found invalid in *In re Blaney*, 30 Cal.2d 643 [184 P.2d 892].

The additional contention is made that the defendants and petitioners were engaging in their labor activity for an unlawful purpose, namely, to compel the employer-plaintiff to sign a closed-shop contract when it was engaged in interstate commerce, and defendants do not represent a majority of plaintiff's employees; that they are making a demand for a closed shop which would be unlawful under the National Labor Relations Act. (49 Stats. 449; 29 U.S.C.A. 151 et seq.) (See *Park & T. I. Corp.* v. *International etc. of Teamsters*, 27 Cal.2d 599 [165 P.2d 891, 162 A.L.R. 1426].) But here the restraining order did not forbid the making of such demand or engaging in the labor activity for such purpose. This court pointed out in *Park & T. I. Corp.* v. *International etc. of Teamsters*, supra, that the injunction should be limited to a restraint on the unlawful demand.

For the foregoing reasons the judgments and orders of commitment in each of the above entitled cases are annulled and the petitioners are discharged.

Gibson, C. J., Traynor, J., and Schauer, J., concurred.

Edmonds, J., and Spence, J., concurred in the judgment.

SHENK, J.—I dissent for the reasons stated in the concurring and dissenting opinion of Mr. Justice Edmonds in *Park & T. I. Corp.* v. *International etc. of Teamsters,* 27 Cal. 2d 599, at page 615 [165 P.2d 891, 162 A.L.R. 1426], and for the additional reasons stated in my dissenting opinion in *In re Blaney,* 30 Cal.2d 643 at page 661 [184 P.2d 892].

Respondent's petition for a rehearing was denied March 4, 1948. Shenk, J., voted for a rehearing.